OAKLAND BEACH BATHS AND POOLS, INC.
vs.
BENJAMIN SHIVERTS, ET ALS.

Superior Court          Fairfield County          File #45040

Present:  Hon. JOHN A. CORNELL, Judge.

Friedman & Friedman,          Attorneys for the Plaintiff.

Benjamin Shiverts, pro se,
A. D. Slavitt,          Attorneys for the Defendant.

MEMORANDUM FILED AUGUST 5, 1935.

CORNELL, J.  It appears, here, that on January 4, 1932, John P. Magner Bath and Pool, Inc., executed and delivered a mortgage in the sum of $27,172.14, to secure its bond, to The Rye National Bank of Rye, N. Y., on certain real estate owned by it in Rye, N. Y., "together with all fixtures and articles of personal property, now or hereafter attached to or used in connection with the premises, all of which are covered by this mortgage". This was recorded in the office

of the Register of Mortgages of the County of Westchester on January 16, 1932.

At the time this mortgage was delivered, the personal property which is the subject of this action was located on the mortgaged premises and being used in connection with the business conducted thereon.

On May 5th, 1932, the mortgagor (here described as John P. Magner and J. P. Magner Baths and Pool, Inc.) executed and delivered to Benjamin I. Shiverts of New York City, a bill of sale of "all of the equipment, fixtures, machinery, soda fountain, restaurant fixtures, furniture and all property of every kind . . . . used in connection with the operation of the business" conducted by the vendor at Oakland Beach, Rye, N. Y. The "Schedule of the Foregoing Bill of Sale" forming part of the instrument of transfer, includes the articles of personal property which have been replevied.

Upon the instructions of Daniel Magner, the defendant Brigante, sometime in May, 1934, removed the personal property in question and caused it to be stored in a public warehouse operated by defendant Drinkwater's Sons, Inc., at Greenwich, Conn., he acting in so doing as bailee.

On May 3, 1934, The Rye National Bank assigned the mortgage to the plaintiff and the instrument evidencing this was recorded in the office of the Register of Mortgages for Westchester County on the same day.

This action naming Brigante, Drinkwater's Sons Co. and Shiverts as defendants was commenced by the replevy of said personal property from the Drinkwater's Sons, Inc., warehouse, on May 10, 1934, and on October 10, 1934, defendant, Shiverts assigned to Daniel Magner inter alia, all claims, demands, cause or causes of action of any kind, whatsoever "which he possessed". Shiverts was Magner's attorney and his alter ego in the transactions.

Plaintiff bases its claim of right to the immediate possession of the personal property on the phrase quoted supra with respect to the mortgage covering all personal property attached to or used in connection with the premises mortgaged.

Whether the replevied chattels were subject to the lien of the mortgage is to be determined by the law of the State of New York.

A phrase substantially the same as that here under discussion in a mortgage of real estate was passed upon adversely to plaintiff's contentions here in **Central Chandelier Company vs. Irving Trust Company, Trustee, 295 N. Y. 343.** Following the latter case, **Bank of Manhattan Trust Co. vs. Ellda Corp. 264 N. Y. S. 115,** in considering a clause of substantially similar purport, holds:

". . . . that the mortgage in suit extends only to such chattels as are actually affixed or attached to or used on the operation of the building as distinguished from chattels employed in the special or particular business of the tenant in occupation."

Again a phrase of somewhat more comprehensive purport was held in **New York Title & Mortgage Co. vs. Menreal Corp., 273, N. Y. S. 661, 662** not to apply to movable personal property.

There is nothing in the evidence here from which the court would be justified in finding that it was the intention of the parties that chattels of the character replevied were to be covered by the mortgage.

The bank in taking the mortgage was merely accepting security for a loan and, undoubtedly relied upon the real property. To hold under such circumstances that the chattels in question were included in it, it would be necessary to find that they were, at least, used in connection with the building as distinguished from a business conducted in the building. This cannot be done under the evidence.

The plaintiff was not a bona fide purchaser of the premises but of the mortgage only. As such it received all of the rights that its assignor possessed and none other than that.

An examination of the authorities upon which plaintiff relies shows that there is nothing held in any of them which conflicts with the conclusion reached here.

Plaintiff here cannot prevail on the basis of the uncertainty of whom among the several defendants is entitled to immediate possession. It must succeed on the strength of its own right not on the weakness, real or apparent of the defendant from whom the chattels were taken. The burden is on the plaintiff throughout.

Defaults have been entered against defendants Drinkwater's

Sons Co., and Shiverts.

The issues are found for the defendant, Rocco Brigante on the complaint and answer and on the counter-claim and reply thereto, labelled "Answer".

Judgment may enter for the return of the chattels to defendant, Rocco Brigante.

No damages have been proved under the counter-claim. Only nominal damages may hence be allowed. The judgment will include an allowance of $15.00 damages in favor of defendant, Rocco Brigante on his counter-claim.